UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE DAVID COX, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 17-1099 |
| JEFFREY KRUEGER, Warden, | ) ) ) |
| Respondent. | ) |

# ORDER AND OPINION

Now before the Court is Eddie David Cox's Petition [1] for writ of habeas corpus. For the reasons set forth below, Cox's Petition [1] is GRANTED.

### BACKGROUND

Petitioner Cox is an incarcerated octogenarian currently serving concurrent life sentences at the Federal Correctional Institution in Pekin, Illinois. Cox is required to seek permission from the Chief Judge of this District before filing any future causes of action because of his "extensive criminal history and equally extensive litigation history." See *Cox v. Rios*, No. 12-1331 (C.D. Ill. May 2, 2013). Petitioner's counsel received such permission and filed the instant Petition (Doc. 1) on March 2, 2017. The Government has filed a Response (Doc. 10), to which Cox has filed a Reply (Doc. 13). Unless otherwise indicated, the following facts are culled from these briefs.

**A. Cox's Criminal History**

In November 1989, an indictment was returned in the Western District of Missouri charging Eddie David Cox with conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (Count One); impersonating an officer acting under the authority of the United States, in violation of 18 U.S.C. § 912 (Counts Two and Twelve); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Three); Hobbs Act robbery, in violation of

18 U.S.C. § 1951 (Counts Four and Seven); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1) (Counts Five and Eight); and impersonating a federal employee making an arrest or search, in violation of 18 U.S.C. § 913 (Counts Six, Nine, Ten, and Eleven). Petition, Doc. 1, at 2; Response, Doc. 10, at 1–2; Presentence Report, Doc. 12. Following a jury trial, Cox was convicted on all twelve counts. Doc. 12, ¶ 3. Cox's Presentence Report revealed the following prior convictions:

> 1. April 15, 1960 convictions in Geary County, Kansas, for kidnapping and felonious assault, *Cox v. Crouse*, 376 F.2d 824 (10th Cir. 1967);
>
> 2. An August 21, 1970 conviction in the District of Kansas for bank robbery, in violation of 18 U.S.C. § 2113(a), *United States v. Cox*, 449 F.2d 679 (10th Cir. 1971); and
>
> 3. A February 22, 1971 conviction in the Western District of Missouri for conspiracy to violate narcotics laws, *United States v. Cox*, 462 F.2d 1293 (8th Cir. 1972).

PSR ¶¶ 47, 51, 52.

The district court adopted the PSR and found that Cox qualified for a sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), based on Counts Five and Eight, and imposed concurrent sentences of life imprisonment on the conspiracy and firearms counts, 30 years on the possession with intent to distribute count, 20 years each on the Hobbs Act robbery counts, and three years each on the impersonation counts. On appeal, Cox challenged the validity of the search of his vehicle, the sufficiency of the evidence supporting his conviction, the nondisclosure of a witness cooperation agreement, and the district court's imposition of a $22,000 fine. The Eight Circuit reversed his conviction on the conspiracy offense and vacated the accompanying fine, but affirmed the remaining convictions and sentences. *United States v. Cox*, 942 F.2d 1282, 1284 (8th Cir. 1991).

2

Cox then filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. Among the arguments raised therein, Cox claimed that his counsel was ineffective for failing to argue that his kidnapping conviction should not have counted because he received a state discharge of the conviction. The district court resentenced Cox on Count Three to a term of 210 months but denied the balance of Cox's motion. On appeal, the Eighth Circuit affirmed. *Cox v. United States*, 210 F.3d 378 (8th Cir. 2000). After the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015), Cox sought leave from the Eight Circuit to file a second or successive § 2255 motion. The Eighth Circuit denied authorization without explanation. *United States v. Cox*, No. 16-2029 (8th Cir. 2016).

**B. Cox's Instant Petition**

Without the application of the ACCA enhancement, the statutory maximum sentence for Cox's two felon in possession of a firearm convictions would have been a 10-year term of imprisonment, rather than the life sentence he received. 18 U.S.C. §§ 922(g)(1), 924(a)(2). The sentencing court determined that Cox was an Armed Career Criminal based on four prior convictions discussed above. Cox now argues that, following *Johnson*, he no longer qualifies as an Armed Career Criminal.

First, Cox argues that *Johnson* invalidated the use of his kidnapping conviction as a qualifying offense. See, e.g., *United States v. Jenkins*, 849 F.3d 390, 392 (7th Cir. 2017), *reh'g denied* (Apr. 20, 2017), petition for *cert. docketed*, 137 S. Ct. 2280 (2017) (holding that federal kidnapping under 18 U.S.C. § 1201 does not qualify as a crime of violence under § 924(c)). Second, Cox argues that his 1971 conviction for conspiracy to conceal heroin predates the Controlled Substances Act ("CSA"). Because the ACCA defines "serious drug offense" as an offense under the Controlled Substances Act, Cox argues that his pre-CSA drug conviction does

3

not qualify as a "serious drug offense" under the ACCA. See 18 U.S.C. § 924(e)(2)(A)(i). Without the kidnapping and pre-CSA convictions, Cox no longer qualifies for an enhanced sentence under the ACCA. Doc. 1.

Second, Cox argues that he is entitled to proceed under § 2241 because of a structural problem with § 2255 preventing him from seeking relief to which he is entitled. Doc. 1, at 2 (citing *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016)). Cox argues that § 2255 is inadequate or ineffective because although *Johnson* invalidates one of his prior convictions, he could not indirectly use a *Johnson* based second or successive § 2255 motion to challenge his pre-CSA prior conviction. Doc. 1, at 7. And because Cox's Armed Career Criminal status was based on four prior offenses, any challenge to his pre-CSA prior conviction would have been pointless because he had three other priors that, at the time, supported application of the ACCA. *Id*. at 8.

## C. The Government's Response

The Government's Response does not challenge Petitioner's claim that his kidnapping and pre-CSA convictions are not qualifying predicates under the ACCA, but nevertheless argues that Cox is not entitled to relief under § 2241 because Cox procedurally defaulted on his claim that his narcotics conviction was an improper predicate. Doc. 10, at 9. According to the Government, it was Cox's own failure to raise his claim regarding his narcotics conviction earlier that created the inadequacy in the successive § 2255 authorization process. *Id*. The Government further argues that Cox was not precluded from raising his argument regarding his narcotics conviction earlier because "[t]he definition of 'serious drug offense' as found in 18 U.S.C. § 924(e)(2)(A)(i) has not materially changed since Cox's conviction." *Id*. at 10.

The Government also argues that because Cox—in his pro se filings—treated his 1960 convictions for kidnapping and felonious assault as one conviction until recently, "it is

4

disingenuous to now argue that he did not challenge the narcotics conviction because it would have been harmless." *Id*. at 10–11.

> Therefore, Cox had a colorable argument that his two 1960 convictions for kidnapping and felonious assault should have been treated as one. After all, the convictions arose from an episode where Cox kidnapped a police officer at gun point and subsequently shot the officer in the right arm and stile the officer's riot gun from the squad car. *Cox v. Crouse*, 376 F.2d at 825. In sum, Cox could have argued that his kidnapping and felonious assault convictions counted as one predicate conviction and, in fact, Cox actually believed that to be true as evidenced by the text of his own filings. Those facts support the notion that Cox could have and should have earlier raised his argument regarding his narcotics conviction.

Doc. 10, at 12. Finally, the Government asserts that Cox cannot show cause and prejudice required to excuse his procedural default. According to the Government, "Cox's claim was never foreclosed by circuit precedent; instead, he and his earlier counsel merely missed it." *Id*. at 13. However, even if his claim was foreclosed by circuit precedent, "perceived futility alone cannot constitute cause." *Id*. at 12 (citing *Smith v. Murray*, 477 U.S. 527, 535 (1986)).

**LEGAL STANDARD**

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held

5

that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing that (1) the claim relies on a new statutory interpretation case; (2) the petitioner could not have invoked the decision in his first § 2255 motion *and* the decision applies retroactively; and (3) there has been a fundamental defect in the proceedings that is fairly characterized as a miscarriage of justice." *Montana v. Cross*, 829 F.3d 775, 779 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017).

## DISCUSSION

Petitioner recognizes that his claim does not meet the first *Davenport* requirement because *Johnson* was a constitutional case rather than one of statutory interpretation. However, Petitioner argues that the three-part test embodied in *Davenport* is only one way of establishing a structural problem with § 2255. This argument appears to enjoy some support from Seventh Circuit precedent. In *Poe v. LaRiva*, the court noted that "*[o]ne circumstance* under which this court has permitted resort to § 2241 is under the … three-condition test" in *Davenport*. 834 F.3d 770, 772–73 (7th Cir. 2016) (emphasis added). In *Webster v. Daniels*, the Seventh Circuit "found that there is no categorical bar against resort to section 2241 in cases where new evidence would reveal that the Constitution categorically prohibits a certain penalty." 784 F.3d 1123, 1139 (7th Cir. 2015).

Here, Petitioner invites this Court to recognize another type of structural problem with § 2255 and allow § 2241 relief where: (1) a petitioner has more than three predicate offenses; (2) a new constitutional decision made retroactive by the Supreme Court negates one predicate but otherwise leaves enough predicates for petitioner to qualify as an armed career criminal; and (3) one of the remaining predicates has an unrelated infirmity that was not the result of any change in law and which was not raised previously. Petitioner makes three arguments in support of this

position. First, he could not obtain authorization to file a second or successive § 2255 motion in the Eighth Circuit because, although *Johnson* invalidates one of his prior convictions, he could not indirectly use *Johnson* to challenge his pre-CSA prior. The argument advanced by Cox here was contemplated by the Seventh Circuit in *Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016). In *Stanley*, Judge Easterbrook made the following remark:

> Perhaps a prisoner could argue that he decided not to press an argument about the elements clause at sentencing, or on appeal, when the only consequence would have been to move a conviction from the elements clause to the residual clause. Then it would be possible to see some relation between *Johnson* and a contention that the conviction has been misclassified, for the line of argument could have been pointless before *Johnson* but dispositive afterward. But this is not the sort of argument that Stanley makes.

*Stanley*, 827 F.3d at 565. This *was* the argument Cox made before the Eighth Circuit, but that court, it can be presumed, rejected this argument when it denied authorization to file a second or successive § 2255 motion.

Second, Petitioner argues that he could not have previously challenged the use of the pre-CSA offense to enhance his sentence under the ACCA because the sentencing court and the Eighth Circuit would not have considered the challenge. The sentencing court would not have been required to make findings about the pre-CSA offense because the ACCA enhancement was supported by Cox's kidnapping, felonious assault, and bank robbery priors at the time of sentencing. In support, Petitioner cites to Federal Rule of Criminal Procedure 32 and *United States v. Brown*, 946 F.2d 58, 60 (8th Cir. 1991) for the proposition that that Rule 32 does not require the court to make unnecessary findings. Likewise, Petitioner argues that the Eighth Circuit would not have entertained a challenge to the use of the pre-CSA offense on direct appeal because three other priors qualified Cox for the ACCA enhancement at the time. Third, Petitioner asserts that he could not have argued that the pre-CSA offense was not a "serious drug offense"

under the ACCA in his original § 2255 motion because three other priors supported application of the enhancement at the time. Finally, Petitioner argues that the sentence enhancement is a grave enough error to be deemed a miscarriage of justice.

The Court agrees that a structural problem with § 2255 prevents Cox from any "reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Petitioner relied on *Johnson*, which announced a new rule of constitutional law and was made retroactive to cases on collateral review, to obtain permission from the Eighth Circuit to file a second or successive § 2255 motion. Under 28 U.S.C. § 2255(h), permission to file a second or successive motion may be granted if the panel certifies that it contains (1) newly discovered evidence of innocence, or (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. However, the Eighth Circuit denied Cox authorization to file a second or successive motion, presumably because *Johnson* only affected Cox's prior conviction for kidnapping, and not his three remaining priors. *United States v. Cox*, No. 16-2029 (8th Cir. 2016).[1] Section 2255 is thus inadequate because Cox had "no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after

---

[1] The Court uses the term "presumably" because, unlike the disposition of a § 2255 motion in the district court, the circuit courts decide whether to grant or deny authorization to file a second or successive § 2255 motion under 28 U.S.C. § 2255(h)(2) without explanation. Because Cox's request to file a second or successive § 2255 motion was in fact based on "a new rule of constitutional law made retroactive to cases on collateral review, that was previously unavailable," this Court is unsure why the Eighth Circuit did not grant authorization and allow the district court to address the merits of Cox's motion in a written opinion. The fact that denial of authorization to file a second or successive § 2255 motion is not reviewable, see 28 U.S.C. § 2244(b)(3)(E), further supports this Court's finding that § 2255 was inadequate or ineffective to test the legality of Cox's detention. See also *Gray-Bey v. United States*, 209 F.3d 986, 990 (7th Cir. 2000) ("[A] district court presented with a petition for a writ of habeas corpus under § 2241 should analyze that petition on its own terms, without assuming that whatever cannot proceed under § 2255 also cannot proceed under § 2241.").

his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). The remaining issue is whether that inadequacy was caused by Cox's procedural default.

The Government argues that Cox is not entitled to relief under § 2241 because it was his own failure to raise his pre-CSA argument earlier that created the procedural default and made § 2255 inadequate or ineffective. Doc. 10, at 13. In support, the Government cites to the Eighth Circuit's decision in *Lindsey v. United States* for the proposition that a defendant's procedural default for failing to make an argument earlier cannot be excused simply because the argument was foreclosed by circuit precedent at the time. 615 F.3d 998, 1000 (8th Cir. 2010); but see *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (second *Davenport* factor satisfied if "[i]t would have been futile" to raise claim clearly foreclosed by precedent).

Here, Cox's argument that his pre-CSA conviction was not a "serious drug offense" under the Controlled Substances Act was never foreclosed by precedent. However, his argument that he no longer has three predicate offenses necessary for an enhanced sentence under the ACCA was not just foreclosed by circuit precedent, it was not ripe until *Johnson* was decided.[2] The argument would "have been pointless before *Johnson* but dispositive afterward." *Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016).

Consider the following hypothetical. At the time of his sentencing, the PSR identified four prior predicate offenses to qualify Cox for an enhanced sentence under the ACCA. Cox and his counsel did have the option to challenge the application of the pre-CSA offense, and the district court would have been faced with two choices. First, the district court could have

---

[2] See, e.g., *United States v. Schoenborn*, 4 F.3d 1424, 1434 (7th Cir. 1993) ("The short answer to this argument is that this court does not render decisions in hypothetical cases. One who invokes the jurisdiction of a federal court must establish, before all else, that he has suffered a concrete and particularized injury; a conjectural one will not do. The condition upon which Schoenborn's claim depends—revocation of his supervised release—has yet to occur (and may never occur). The issue is not ripe for review; Schoenborn therefore lacks standing to raise it.") (internal citations omitted).

addressed the objection and made a ruling. Since the Government only challenges Cox's Petition on procedural grounds, the Government appears to concede that Cox's pre-CSA offense would not qualify. Assuming in 1990 the court agreed, Cox would still have had three qualifying priors and received the same sentence. Alternatively, the court could have invoked Rule 32(i)(3)(B) and determined a ruling would be unnecessary because the matter would not affect sentencing. This would have left Cox with the four prior offenses and the same sentence. Had Cox persisted in 1990, and had the court agreed and sentenced him under the ACCA but for only three predicate offenses, the Eighth Circuit would likely have granted Cox authorization to file a successive § 2255 motion after *Johnson*, on which he would have prevailed. But because he did not raise the challenge, and the sentencing court did not make a ruling, the Government says "too bad"; Cox should be stuck with a life sentence instead of the 10-year sentence that would have been imposed without the ACCA enhancement.[3]

Moreover, the Government's position on procedural default creates a standard that encourages frivolous litigation. "It would just clog the judicial pipes to require defendants, on pain of forfeiting all right to benefit from future changes in the law, to include challenges to settled law in their briefs on appeal and in postconviction filings." *Montana v. Cross*, 829 F.3d 775, 782 (7th Cir. 2016). If Cox's claim is procedurally defaulted, defense counsel should be on notice to challenge every aspect or dispute at a sentencing hearing in the event, albeit unlikely, that the Supreme Court may some day advance a limited challenge to a certain prior conviction that might make another prior conviction irrelevant for the purposes of that specific sentencing. Courts expect defense counsel to not raise issues that do not affect sentencing. Although the

---

[3] The 10-year maximum would apply to Cox's convictions for felon in possession of a firearm. Cox's 30-year sentence for possession with intent to distribute under 21 U.S.C. § 841(a)(1) remains unaffected, but Cox's Petition indicates that he has been incarcerated, with credit for good conduct time, for over thirty years.

10

Court cannot be sure what defense counsel was thinking, it will not penalize the defendant as a result.

In sum, because Petitioner had four prior offenses, any challenge to the use of the pre-CSA drug conviction would have evaded review by the sentencing court and the Eighth Circuit until *Johnson*. See, e.g., *United States v. Winston*, 845 F.3d 876, 877 (8th Cir. 2017), *cert. denied,* 137 S. Ct. 2201 (2017) ("Because Winston acknowledges two qualifying prior convictions, the government need only establish that one of the other two also counts. We conclude that the battery offense qualifies and need not address the conviction for terroristic threatening."). The same holds true with respect to Petitioner's original § 2255 motion in 1994. And because the Eighth Circuit denied Cox authorization to file a second or successive § 2255 motion based on *Johnson*, § 2255 is inadequate or ineffective to test the legality of his sentence. Finally, the difference between having three, as opposed to two, qualifying prior convictions means a significantly larger sentence under the ACCA. Petitioner has therefore shown cause and prejudice for any procedural default.

## CONCLUSION

For the reasons set forth above:

(1) Cox's Petition [1] for writ of habeas corpus is GRANTED;

(2) Cox's enhanced sentence under the Armed Career Criminal Act imposed by the Western District of Missouri in Case No. 89-00196-01-CR-W-GAF is VACATED;

(3) The Respondent is DIRECTED to deliver Cox to the United States District Court for the Western District of Missouri for resentencing;

(4) The Clerk is DIRECTED to enter final judgment in favor of Cox; and

(5) The Clerk is DIRECTED to send copies of this Order to the United States District Court for the Western District of Missouri and the Clerk thereof for filing in No. 89-00196-01-CR-W-GAF.

(6) This matter is now terminated.

Signed on this 19th day of October, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge